And the court will proceed to the fifth case, United States v. Zabka, Mr. Winters. Good morning. I speak only in the pleasure of this court. Just a word about Zabka 1, the former case on appeal in this case. This case was before the court as Antiques Limited, and the case focused on disposing of the many appeals that appellants here in the Zabkas and the LPs associated, the many appeals they had, and the court disposed of them and made some limited partnerships and the nature of the interest holders in limited partnerships. The Zabkas and the LPs believe that the court below misapplied Antiques Limited 1's holding, and though the canons of interpretations of writings of legal significance are often, well, courts disagree on them, the LPs and the Zabkas... Counsel, what is before us in this appeal? Pardon me, Judge Easterbrook, but I don't hear as good as I did last month, and I'm... That's fine. I don't hear that well either. Okay, what is before us in this appeal? The district court's order of November 2017 seems to do nothing but close the receivership estate and authorize the receiver's compensation. Yes, Judge. Is there anything else before us? Yes, Judge. The interpretation of Judge Posner's words in Antiques Limited 1. How is that reflected in the order that is on appeal? Because it seemed, as you said, Judge... This is a post-judgment order. Yes, Judge. Right? In a post-judgment order, you can't complain about the substantive judgment. That time has come and gone. There have been... How many earlier appeals? Was it six or was it eight? It was a lot. At least two of them were resolved on the merits by the Court of Appeals. Those were the substantive decisions. As far as I can see, all we've got is a wrap-up of the receivership, which is not an occasion for re-arguing the substance of the lawsuit. Yes, Judge, unless the Court decides that there was a misapplication of this Court's opinion or... How was it misapplied in this judgment? Because the court below took it that ownership, shareholders' ownership in a limited partnership, a corporate entity, that that ownership included ownership of assets of the... How did that affect this judgment? Yes, the judgment of November 30th, 2017. That's the thing on appeal. Because that judgment, the results of that judgment, took property away from an LP... No, the result of that judgment is that the receivership estate is closed and the receiver is compensated. I can't see anything else being resolved. Am I mistaken? What else does this thing do, this thing that's on appeal? Judge, with all respect, of course, the Zabkas and the limited partnerships maintain that concealment occurred in the case and that the interpretation of this court was not correct. Can you point me to something in the judgment that does something other than close the receivership estate and compensate the receiver? I see what you're saying, and that is what it did, but then it resulted, the opinion here resulted, the interpretation of it, we contend, resulted in the sale of property of one person, namely a corporate entity, to pay the tax liability of... order or approve the sale of property. I don't see it. You can't keep complaining forever about what happened in the past. You have taken a timely appeal from the judgment of November 30th, 2017, but the things you can raise are the things that judgment did. And you don't appear to be contesting any of the things that judgment did. This is my problem. Well, the result of what that judgment did, Your Honors, is to take property from one person. That's the contention of the Zabkas. I've repeated that, and I've no sense of me saying it twice. Where in this judgment, what do you point me to to say that this thing, the thing on appeal, took property from one person and gave it to another or ordered property sold or approved the results of a sale? Where is it? Well, it's not said forthrightly that way, Judge Easterbrook, but the result of it is what we're focusing on. The sale occurred years ago. Yes, it did. And it was affirmed years ago. Yes. And the Zabkas and the LPs have not been dilatory. They have not set upon their rights, and they've done all that could be expected of them to do to bring this matter up before the court for many years. It's been going on, reaching back almost 30 years, the facts of this case. And for 10 years, the government has been attempting to move on this property that did not belong to the Zabkas but belonged to the LPs. And we believe, I'm not going to repeat myself. I have a habit of doing that. You understand. I know you know what I'm saying. But if I may proceed, I will. There are only two ways to hold property in America. Either a warm-blooded person owns property or a cold-blooded corporation, intangible, owns property. There are no other options. That's the first principle that I see as violated in the application of this court's words. Second, I'm going to quote the first president of the University of Illinois, Milton Gregory. He says, one cannot impart what one does not possess. One cannot impart what one does not possess. No person has a right, therefore, to do wrong, simply and generally. And number three, time does not equal due process. Time does not equal due process. The passage of time does, and especially if that time is result-driven and not driven by a genuine course of due process. Now, I was told a long time ago by my professor in law school that the corporation is not you. And I don't remember anything much from business organizations class except that. And he said it often. The corporation is not you. If I may, I want to reserve what I've got left, Your Honors. All right. Thank you, Mr. Winters. Ms. Gregory. May it please the court, I'm Karen Gregory for the United States of America. Does the panel have any questions of the government? Apparently not. Then, for the reasons stated in our brief, the court should affirm the district court's final order concluding the post-judgment collection proceeding. All right. Thank you, Ms. Gregory. You rest on the briefs. Thank you. All right. Mr. Winters, you have nothing to respond to? I'd like to. It's up to you, Judge. Well, the government has made no comment. Do you have anything to reply to what Ms. Gregory has just said? Yes, I'd like to. All right. Just to say a couple of things. Thank you. The corporation is not you, as I'd said well ago. Bottom line, no evidence in the record shows that the Zabkas controlled the LPs. The deal is done. The property is sold. And to quote one case, and then I'll retire from the podium, one case from 2011 from this court, U.S. versus Bachman, says this particular court, the Seventh Circuit, I'm quoting, we have held that the possibility of financial adjustments among parties keeps the proceeding alive, even if the sale cannot be upset and rights under a plan of reorganization cannot be revised. And then this court said this, the buyer's interests are secure, but the entitlements of Bachman vis-a-vis the United States remain open to change following appellate review. Thank you, judges. Thank you. Mr. Winters, thank you, Ms. Gregory. The case is taken under advisement.